IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS UNITED, <br> 1006 Pennsylvania Avenue, S.E. <br> Washington, DC 20003 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT <br> OF STATE, <br> 2201 C Street, N.W. <br> Washington, D.C. 20520 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 15-cv-441 |

## COMPLAINT

Plaintiff Citizens United brings this action against Defendant the United States Department of State ("State Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Citizens United is a Virginia non-stock corporation with its principal place of business in Washington, D.C. Citizens United is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. Citizens United seeks to promote social welfare through informing and educating the public on conservative ideas and positions in issues, including

national defense, the free enterprise system, belief in God, and the family as the basic unit of society. In furtherance of those ends Citizens United produces and distributes documentary films on matters of public importance. Citizens United regularly requests access to the public records of federal government agencies, entities, and offices, to disseminate its findings to the public through its documentary films.

4. Defendant, the United States Department of State, is an agency of the United States Government and is headquartered at 2201 C Street N.W., Washington, D.C. 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. Citizens United routinely submits Freedom of Information Act requests and this matter concerns two FOIA request letters that Defendant has failed to respond to.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to Citizens United's FOIA requests within twenty working days of each request.

7. With regard to each of Citizens United's FOIA requests, the statutory deadline has passed and Defendant has failed to provide a substantive response to either of Citizens United's FOIA requests. In fact, as of the date of this Complaint Defendant has failed to produce a single responsive record or assert any claims that responsive records are exempt from production.

8. Over six months have passed since Defendant received Citizens United's FOIA requests. In that time Defendant has not indicated whether or when any responsive records will be produced in response to either of Citizens United's requests. Beyond acknowledging receipt of Citizens United's FOIA requests Defendant has failed to respond to Citizens United's requests for documents.

9.    When left to their own devices State Department bureaucrats have taken over three years to respond to Citizens United's FOIA requests. *See Eg.* Exhibit A (FOIA Response Letter).  Such extensive delays are in clear violation of both the letter and the spirit of the Freedom of Information Act.

10.   Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) Citizens United is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests.  5 U.S.C. § 552(a)(6)(C).

**A.   CITIZENS UNITED'S SEPTEMBER 16, 2014 FOIA REQUEST (GEISEL RECORDS), F-2014-16237**

11.   On September 16, 2014 Citizens United submitted a FOIA request, online, to Defendant.  *See* Exhibit B (FOIA Request Letter).  The request sought:

> On April 25, 2011, The Washington Post reported on the vacant State Department's Inspector General position. The Washington Post reported that: "One high-ranking official familiar with the selection process said the State Department's current leadership had opposed filling the top slot because it prefers the office to remain under Geisel's supervision." On April 5, 2011 the Government Accountability Office (GAO) released a report titled State Department Inspector General, Actions To Address Independence And Effectiveness Concerns Are Under Way, (GAO-11-382T). The records I request can be described as follows: Any and all records, correspondence, and memos, in any and all formats, that mention, discuss, or reference the performance of Harold W. Geisel as acting State Department inspector general, the nomination of an inspector general, potential candidates for inspector general, a preference or desire to retain Harold W. Geisel as acting State Department inspector general, the aforementioned GAO report, and/or the vacant inspector general position in any context that were sent to and/or sent from any of the following individuals: Secretary of State Hillary Clinton, Office Manager Claire Coleman, Counselor and Chief of Staff Cheryl Mills, Deputy Chief Of Staff for Operations Huma Abedin, Deputy Chief of Staff for Policy Jacob Sullivan, Executive Assistant Alice Wells, Senior Advisor Jeannemarie E. Smith, Special Assistant Lona Valmoro, Special Assistant Nima Abbaszadeh, Special Assistant Bernadette Meehan, Deputy Secretary Thomas Nides, Deputy Secretary William J. Burns, Under Secretary Patrick F. Kennedy, Under Secretary Wendy R. Sherman, and Acting Deputy Department Spokesman Mark C. Toner

12. Citizens United limited its request to responsive records created between January 2, 2011 and June 30, 2011.

13. Citizens United, as a member of the media, requested expedited processing of this FOIA request.

14. Defendant acknowledged receipt of Citizens United's FOIA request, denied its request for expedited processing, and assigned it Case Control Number F-2014-16237, in a letter dated September 18, 2014. *See* Exhibit C (FOIA Acknowledgement Letter).

15. As of the date of this Complaint, Defendant has failed to produce any records responsive to Citizens United's September 16, 2014 FOIA request or assert any claims that responsive records are exempt from production.

**B.    CITIZENS UNITED'S SEPTEMBER 16, 2014 FOIA REQUEST (INSPECTOR GENERAL REPORT), F-2014-16250**

16. On September 16, 2014 Citizens United submitted a FOIA request, online, to Defendant. *See* Exhibit D (FOIA Request Letter). The request sought:

> Any and all correspondence, memos, or records, in any format, that mention, reference, or discuss the State Department Office of Inspector General report The Bureau Of Diplomatic Security, Office Of Investigations And Counterintelligence, Divisions Of Special Investigations, Criminal Investigations, And Computer Investigations And Forensics (ISP-I-13-18), and/or any previous drafts of the report, and that were sent to, or sent from, the following individuals: Hillary Rodham Clinton, Cheryl D. Mills, Huma Mahmood Abedin, Jennemaire E. Smith, Lona Valmoro, Joanne Laszczych, Monica Hanley, Robert V. Russo, and Nora F. Toiv

17. Citizens United limited its request to responsive records created between February 1, 2009 and February 1, 2013.

18. Citizens United, as a member of the media, requested expedited processing of this FOIA request.

19.     Defendant acknowledged receipt of Citizens United's FOIA request, denied its request for expedited processing, and assigned it Case Control Number F-2014-16250, in a letter dated September 18, 2014.  *See* Exhibit E (FOIA Acknowledgement Letter).

20.     As of the date of this Complaint, Defendant has failed to produce any records responsive to Citizens United's September 16, 2014 FOIA request or assert any claims that responsive records are exempt from production.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

21.     Plaintiff realleges paragraphs 1 through 20 as though fully set forth herein.

22.     Defendant has failed to make a determination regarding Citizens United's September 16, 2014 FOIA request (F-2014-16237) for records regarding acting Inspector General Harold W. Geisel within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

23.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 2
### (Violation of FOIA, 5 U.S.C. § 552)

24.     Plaintiff realleges paragraphs 1 through 23 as though fully set forth herein.

25.     Defendant has failed to make a determination regarding Citizens United's September 16, 2014 FOIA request (F-2014-16250) for records regarding the Inspector General report number ISP-I-13-18 within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

26.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

27.     WHEREFORE, Plaintiff Citizens United requests that the Court grant all appropriate relief for the violation alleged above, including:

    a.     An order and judgment requiring the Defendant to conduct a search for any and all responsive records to Citizens United's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Citizens United's requests;

    b.     An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Citizens United's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

    c.     An order and judgment permanently enjoining Defendants from continuing to withhold any and all non-exempt records responsive to Citizens United's FOIA requests;

    d.     Attorneys' fees and costs pursuant to any applicable statute or authority, including 5. U.S.C. § 552(a)(4)(E); and

    e.     Any other relief that this Court in its discretion deems just and proper.

Dated: March 26, 2015                                  Respectfully submitted,

                                                       CITIZENS UNITED

                                                       /s/ *Ralph Christian Berg*
                                                       Ralph Christian Berg
                                                       D.C. Bar No. 496321
                                                       chris@chrisberglaw.com
                                                       1006 Pennsylvania Avenue, S.E.
                                                       Washington, DC 20003
                                                       (202) 547-5420

                                                       *Attorney for Plaintiff*